MHN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATHANIEL WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 3564 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This is an appeal of a decision by an Administrative Law Judge (ALJ) denying disability insurance benefits (DIB) and supplemental security income (SSI) to Plaintiff Nathaniel Walker. Walker applied for those benefits on the basis of an alleged disability that began on August 20, 2003 and was related to a back condition, left shoulder injury, and diabetes. Walker now moves for summary judgment and remand to the ALJ. Defendant Astrue, the Commissioner of Social Security, also moves for summary judgment. For the reasons stated below, the Court denies Walker's motion and grants the Commissioner's motion. Thus, the Court affirms the ALJ's denial of benefits.

### I. Standard of review

The Court must accept the ALJ's factual findings if they are supported by substantial evidence, which is evidence that a reasonable mind might accept as adequate to support a conclusion. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The ALJ need not address every piece of evidence in the record. *Sims v. Barnhart*, 309 F.3d 424, 429 (7th Cir. 2002). He only needs to "build a bridge from the

1

evidence to his conclusion." *Id.* (internal quotation omitted). The Court must review the entire record and evidence therein, but may not "decide the facts anew, reweigh the evidence, or substitute [its] own judgment for that of the ALJ." *Meredith v. Bowen*, 833 F.2d 650, 653 (7th Cir. 1987).

## II. The ALJ's decision

The Commissioner has set forth a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). First, the claimant must be unemployed, *id.* at § 404.1520(a)(4)(i), as Walker is, (Administrative Record (hereinafter "A.R.") 14). Second, the claimant must have a severe, medically determinable, physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). The ALJ found that Walker met this requirement as well, as he had a number of severe impairments, including diabetes mellitus, obesity, carpal tunnel syndrome, mild cervical spondylosis, a history of depression, and a learning disability. (A.R. 16.) At the third step, the ALJ must determine whether the claimant's conditions meet or equal an impairment listed in the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). In this case, the ALJ found that Walker did not have such an impairment and therefore moved on to Steps 4 and 5 of the process. (A.R. 17.) Walker challenges the ALJ's analysis at those final two steps.

At Step 4 of the process, the ALJ must determine the claimant's residual functional capacity (RFC) and whether, based on that RFC, the claimant can still perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ determined that Walker's RFC allowed him to engage in a modified range of sedentary exertion. (A.R. 18.) More specifically, he found that Walker could only stand or walk for two hours out of an eight-hour work day, lift and carry up to ten pounds, use one hand for simple grasping for two-thirds of the work day, occasionally bend

2

at the waist and reach above shoulder level. (A.R. 18.) He found that, among other limitations, Walker could only do simple, routine tasks and read at the fourth grade level. (A.R. 18.) Thus, the ALJ found that Walker did not have the residual functional capacity necessary to perform his past relevant work. (A.R. 18.) Thus, the ALJ moved on to Step 5.

At Step 5, the burden shifts to the Commissioner to show that, given his RFC, Walker can successfully perform a significant number of jobs available in the economy. 20 C.F.R. § 404.1520(a)(5)(v); *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). The ALJ determined that the Commissioner met that burden because Walker could perform the jobs of inspector and information clerk and there were a combined total of approximately 2600 positions of those types available in the metropolitan region. (A.R. 19.)

### III. Analysis

Walker makes three arguments for why the ALJ's decision was improper. First, he argues that the ALJ improperly rejected testimony by the vocational expert without explanation. Second, he argues that the ALJ failed to take Walker's obesity into account. Finally, he argues that the ALJ failed to consider all of the available evidence in determining Walker's RFC.

#### A. Rejection of additional limitation on simple grasping

During the hearing, the ALJ described a number of hypothetical RFCs to the vocational expert to determine the number of jobs that would be available to individuals matching those descriptions. (A.R. 426-29.) One of those hypothetical RFCs essentially mirrored the RFC that the ALJ eventually found to apply in this case, except that it limited simple grasping to one-third of the day instead of two-thirds. (A.R. 427.) The vocational expert testified that there would not be any work available to an individual with that sort of limitation. (A.R. 427.) Contrary to Walker's claims, however, the ALJ did provide an explanation for his decision to reject that RFC and his decision is supported by substantial evidence. As the ALJ notes, (A.R. 18), Walker

3

seems to have successfully eliminated the symptoms of his carpal tunnel syndrome in his right arm with simple treatment in the form of splints and Tylenol, (A.R. 328-29). Thus, while electrodiagnostic testing still shows that he has carpal tunnel syndrome in his right arm, the condition does not seem to limit him so much that he cannot perform simple grasping for two thirds of the day. (A.R. 328-29.) Moreover, his doctor has consistently noted that he believes Walker is capable of frequently carrying up to ten pounds. (A.R. 291.) Given this evidence, the Court must affirm the ALJ's decision.

### B. The ALJ's consideration of Walker's obesity

With regard to his second argument, Walker takes issue with the ALJ's conclusion that Walker was capable of standing for two hours out of an eight-hour work day. Walker cites to *Barrett v. Barnhart*, 355 F.3d 1065, 1068 (7th Cir. 2004), where the court reversed an ALJ's decision and remanded the for further proceedings in part because the ALJ decided that, despite the claimant's obesity and related limitations, she could stand for up to two consecutive hours and sit for up to six. However, the facts in this case are not the same as in *Barrett*, where the claimant was grossly obese and had arthritic knees. *Id.* Moreover, the ALJ in this case does not hold that Walker can stand for two consecutive hours, just for two hours out of an eight-hour work day.

Finally, and most importantly, the ALJ in this case does rely on substantial evidence gleaned from Walker's medical records. (A.R. 16-17.) While Walker seems to believe that the ALJ completely ignored his obesity, the ALJ not only mentions the condition, but addresses many of the limitations that might be caused by the condition. Walker correctly notes that at one point in early 2004, Walker's treating physician noted that Walker had trouble standing for more than five minutes at a time or walking more than half a block. (A.R. 205.) However, at various times, the treating physician also found Walker to have normal ambulation, (A.R. 290), or to be

4

fairly mobile, (A.R. 218), and found his ability to stand to be only mildly limited, (A.R. 207). Moreover, Walker himself testified that he regularly walks his children to and from school, about two blocks each way. (A.R. 407.) Finally, while Walker did also testify that he had trouble standing, the ALJ discredited much of his testimony due to a variety of inconsistencies. (A.R. 18.) The Court will not overturn that credibility determination. *See Eichstadt v. Astrue*, 534 F.3d 663, 668 (7th Cir. 2008) (a court should only overturn an ALJ's credibility determinations if they are "patently wrong"). The ALJ mentioned each of these pieces of evidence, and also noted that Walker had lost a substantial amount of weight. (A.R. 16.) Thus, while there was some conflicting evidence regarding the effects of Walker's obesity on his ability to stand, the ALJ's finding was supported by substantial evidence.

Walker also argues that the ALJ failed to consider Walker's obesity within the context of his medical situation as a whole. *See* 20 C.F.R. § 404.1523 (requiring the consideration of the combined effect of all impairments). He contends that his obesity interacts with his carpal tunnel symptoms, sleep apnea symptoms, and spondylosis of the lower spine to make standing for two hours more painful. However, the ALJ explicitly addresses these conditions in his analysis. (A.R. 16 & 18.) He notes that Walker's carpal tunnel syndrome is mild to moderate in his left arm and resolved in his right, that his sleep apnea symptoms have resolved through use of a CPAP, and that he has only mild spondylosis. (A.R. 16 & 18.) The ALJ could have been more explicit in describing that he was considering the interaction of these various impairments. But, by describing each condition and concluding that in light of these conditions, Walker could stand for up to two hours during a work day, the ALJ seems to have considered Walker's medical situation as a whole.

5

### C. The evidence forming the basis of Walker's RFC

Walker's final argument is that the ALJ ignored treatment records and mischaracterized diagnostic studies in determining Walker's RFC. He claims that the ALJ only considered the medical source statements provided by Walker's treating physician and his assessment of Walker's credibility. This argument is vague, but seems to essentially be a rehashing of his previous arguments that the ALJ failed to consider evidence that Walker's carpal tunnel syndrome and obesity negatively affected his ability to work. As noted above, however, the ALJ seems to have properly considered this evidence. He simply determined that it was outweighed by other evidence to the contrary. As previously discussed, that evidence was substantial. Thus, the Court will not reverse the ALJ's decision.

### *CONCLUSION*

For the above reasons, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment. The Court affirms the decision of the ALJ.

IT IS SO ORDERED.

_8/19/10_
Dated

Hon. William J. Hibbler
United States District Court